UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANDRE EDWARDS,**<br>Plaintiff,<br><br>vs.<br><br>**SHERYL GONZALEZ et al.,**<br>Defendants. | **2:25-CV-13490-TGB-PTM**<br>**HON. TERRENCE G. BERG**<br>**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION**<br>**(ECF NO. 30),**<br>**AND ADOPTING REPORT AND RECOMMENDATION**<br>**(ECF NO. 28)** |

Andre Edwards brings a civil action pursuant to 42 U.S.C. § 1983 alleging (1) cruel and unusual punishment and deliberate indifference to serious medical needs in violation of the Eighth Amendment and (2) gross negligence under Michigan law. ECF No. 1. Edwards seeks declaratory, injunctive, and monetary relief. *Id.* These claims arise from Edwards's allegations that prison medical staff withheld prescribed medications needed to treat his cardiac condition and failed to take corrective action to ensure he received them. *Id.*

Defendants Landfair, Draper, Grant, and McKinley (the "MDOC Defendants") have filed a motion for summary judgment, arguing Edwards failed to exhaust his administrative remedies. ECF No. 18.

After the motion was fully briefed, Edwards filed a motion for leave to file a sur-reply. ECF No. 27.

In her well-reasoned Report and Recommendation, Magistrate Judge Morris recommends that the MDOC Defendants' motion for summary judgment be granted as to Defendant Landfair and denied as to Defendants Draper, Grant, and McKinley, and that Edwards's motion for leave to file a sur-reply be granted. ECF No. 28.

Edwards has timely filed a single objection. ECF No. 30.

For the following reasons, the Court **OVERRULES** Edwards's Objection and **ADOPTS** Judge Morris's Report and Recommendation. Accordingly, the Court **DISMISSES** Defendant Landfair from the action.

## I. BACKGROUND

### A. Factual Background

The events giving rise to Edwards's claims occurred while he was incarcerated at G. Robert Cotton Correctional Facility ("JCF"). ECF No. 1, PageID.1. On January 17, 2025, Edwards was admitted to Henry Ford Jackson Hospital with left chest and shoulder pains. *Id.* at PageID.3. There, Edwards received a cardiovascular catheterization procedure on January 20, 2025, for the implantation of two stents. *Id.* Following the procedure, Dr. Usman Khokhar, a cardiologist at Henry Ford, provided the prison's medical staff with a treatment plan that included continued dual anti-platelet therapy for at least six months. *Id.* at PageID.3. On

January 22, 2025, Dr. Prima Muziman ordered Edwards a six-month supply of Clopidogrel, a supply of Vitamin D, and a 365-day supply of Aspirin, Atorvastatin, Famotidine, Losartan, Metoprolol, and Nitroglycerin. *Id.* at PageID.4. Clopidogrel is an anti-platelet drug that is used to prevent heart attacks and blood clots in patients in Edwards's condition. *Id.* at PageID.3.

Edwards alleges that in the six months following his procedure, he was not provided all of the medications ordered—specifically the anti-platelet drug Clopidogrel. *Id.* at PageID.4. During this time, Edwards alleges he had numerous appointments and interactions with various prison medical staff, none of which ensured he was receiving the full list of medications he had been prescribed. *Id.* at PageID.4–6, 8. Edwards asserts he was unaware that he was not receiving the Clopidogrel during this six-month period as he believed he was being provided all medications necessary to treat his condition. *Id.* at PageID.5.

Edwards alleges that he began to suspect that he might have been denied the Clopidogrel on July 28, 2025, when he was issued that drug for the first time, six months after his procedure. *Id.* at PageID.6. Edwards alleges that his suspicion was confirmed the next day, at a July 29, 2025 appointment where NP Gonzalez informed him that Clopidogrel was administered with aspirin for dual anti-platelet therapy to prevent blood clots and heart attacks. *Id.* at PageID.6.

Edwards alleges that Pharmacy Assistants McKenzie Pezon née Draper, Rachel Grant, and James McKinley deprived him of the prescribed medication, and that Health Unit Manager Sirena Landfair failed to take corrective action to ensure he received it. *Id.* at PageID.13; ECF No. 28, PageID.271–72.

The Complaint asserts additional claims, against these and other Defendants, that are not at issue on this motion.

### B. Procedural Background

On October 28, 2025, Edwards filed the operative complaint, naming Gonzalez, Bryant, Landfair, Draper, Grant, and McKinley as defendants. ECF No. 1, PageID.1.

On January 16, 2026, the MDOC Defendants filed a motion for summary judgment, arguing that Edwards had failed to exhaust his claims against the MDOC Defendants and that the Court should dismiss the unexhausted claims. ECF No. 18. Edwards responded on February 9, 2026. ECF No. 23.

In his response, Edwards argued that "because the MDOC identified untimeliness as the basis for denying Edwards's four grievances, the MDOC Defendants cannot rely on the MDOC's 'names of all those involved' procedural requirement as a basis for summary judgment." *Id.* at PageID.188.

The MDOC Defendants replied on March 23, 2026. ECF No. 25. On April 9, 2026, Edwards filed a motion for leave to file a sur-reply. ECF No. 27.

On April 20, 2026, Magistrate Judge Morris recommended that the MDOC Defendants' motion for summary judgment be granted as to Defendant Landfair and denied as to Defendants Draper, Grant, and McKinley, and that Edwards's motion for leave to file a sur-reply be granted. ECF No. 28. Specifically, as to Defendants Draper, Grant, and McKinley, Judge Morris concluded "that Plaintiff's direct reference to 'the Pharmacy Technicians' was sufficient under the circumstances to satisfy the exhaustion requirement against Defendants Pezon, Grant, and McKinley, all of whom were Pharmacy Assistants who issued his medications during the six months at issue." *Id.* at PageID.278.

As to Defendant Landfair, Judge Morris concluded that

> Landfair is the Health Unit Manager at JCF, not a pharmacy technician or assistant. She was not identified by title or in any other way in Plaintiff's grievance. Plaintiff's only argument as to Landfair is that he did not know at the time he filed his grievances that she may have been liable. (ECF No. 23, PageID.193). Unlike with the pharmacy assistant Defendants, there was no notice in Plaintiff's claim that Landfair may be involved in the allegedly unconstitutional conduct. Plaintiff has thus failed to exhaust his administrative remedies as to Defendant Landfair.

*Id.* at PageID.281 (footnote omitted). Judge Morris noted that although Landfair "was identified by name in grievance JCF-2508-1618-28E,"

Edwards concedes that he "'exclusively grieved Gonzalez's refusal to provide [him] with any pain medication' in this grievance and thus it cannot be used as a basis to argue he exhausted his claims against Landfair." *Id.* at PageID.281 n.4.

As relevant to the objection, Judge Morris also stated that

> Plaintiff also argues Defendants waived this argument because they only rejected his grievance as being untimely. But the Undersigned agrees with Defendants that because Plaintiff's grievance specifically named Gonzalez, and MDOC Defendants were not later identified or brought up again in the grievance process, prison officials reasonably addressed only the timeliness of his grievance and did not address the improper naming argument they now bring. *Accord Hill v. Buchanon*, No. 21-1673, 2022 WL 16580149, at *3 (6th Cir. Sept. 8, 2022); *Brown v. McCullick*, No. 18-2226, 2019 WL 5436159, at *3 (6th Cir. Apr. 23, 2019).

*Id.* at PageID.277 n.3.

Edwards timely filed a single objection on May 4, 2026, challenging Judge Morris's conclusion that the MDOC Defendants had not waived their failure-to-name argument. ECF No. 30, PageID.289.[1]

## II. LEGAL BACKGROUND

[1] Although Edwards's objection was docketed on May 11, 2026, it was filed on May 4, 2026, when it was handed over to prison officials. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("Under [the prison mailbox rule], a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court.").

### A. Objections to a Report and Recommendation

Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections must cite the specific portion of the report and recommendation to which they pertain.

"The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 452–53 (N.D. Ohio 2012) (*quoting Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Failure to object waives further review of a district court's adoption of the report and recommendation. *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). And the filing of vague, general, or conclusory objections is insufficient to preserve issues for further review. *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

This Court must review de novo (as if it were considering the issues for the first time) the parts of a report and recommendation to which a

party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... [or] receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### B. Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that a court shall grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the case under governing law. *Id.* at 249.

On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that

there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Instead, the "nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). The Court must then determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to the trier of fact or whether the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252. For the Court to grant summary judgment, the evidence cannot be such that "a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The failure to exhaust administrative remedies is an affirmative defense under the PLRA, *Jones v. Bock*, 549 U.S. 199, 216 (2007), which the defendant has the "burden to plead and prove by a preponderance of the evidence," *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). As a result, the defendant's burden on summary judgment based on exhaustion is "higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Surles v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012) (quotations and citations omitted); *see also Johannes v. Washington*, No. 14-11691, 2016 WL 1253266, at *10 (E.D.

Mich. Mar. 31, 2016) (Michelson, J.) ("On summary judgment ... the defendant has the burden of convincing the court that no reasonable jury could find that the plaintiff exhausted his claims.") (citing *Surles*, 678 F.3d at 455–56).

## III. DISCUSSION

### A. Background

In order to "allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court," *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (citing *Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006)), the Prison Litigation Reform Act ("PLRA") requires that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the [PLRA] and that unexhausted claims cannot be brought in court.").

To exhaust administrative remedies, an incarcerated person must take "advantage of each step the prison holds out for resolving the claim internally" and "follow[] the 'critical procedural rules' of the prison's

grievance process." *Reed-Bey*, 603 F.3d at 324 (citing *Woodford*, 548 U.S. at 94–95); *see also Bailey v. Michigan Dep't of Corr.*, No. 19-13442, 2020 WL 4934314, at *2 (E.D. Mich. Aug. 24, 2020)(Roberts, J.) ("An untimely or otherwise improper grievance does not satisfy the PLRA exhaustion requirement."). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 ("Prisoner/Parolee Grievances") sets forth the applicable three-step grievance procedures for prisoners in MDOC custody at the time relevant to this Complaint. ECF No. 18-2. As summarized by Judge Morris,

> Pursuant to the directive, a prisoner is required to first informally "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue" and if unsuccessful, file a Step I grievance within five business days. If a prisoner is dissatisfied with the disposition of the Step I grievance or did not receive a timely response, then he can file a Step II grievance. Similarly, if a prisoner is dissatisfied with the Step II response or did not receive a timely response, he has ten days to file a Step III grievance. A grievance may be rejected for procedural reasons such as untimeliness or failing to attempt to resolve the issue with the staff member prior to filing a grievance.

ECF No. 28, PageID.275 (citations omitted).

MDOC's Prisoner/Parolee Grievances also provides that "[t]he issue should be stated briefly but concisely. Information provided is to be

limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." ECF No. 18-2, PageID.93. Accordingly, as explained by Judge Morris,

> Generally, a prisoner fails to properly exhaust his administrative remedies when he fails to specify the names of each person from whom he seeks relief. *Brim v. Welton*, 704 F. App'x 585, 586 (6th Cir. 2017) (memorandum opinion) (citing *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017)). But prisoners have been found to have exhausted their administrative remedies in certain circumstances, notwithstanding the lack of a name. For example in *Brim* and *Mattox* the plaintiffs identified an "unnamed assistant resident unit supervisor in Unit 7" and an "unnamed RMO" respectively at Step I and then in Step II clarified the person involved. *Id.* at 587. The Sixth Circuit held the plaintiffs had properly exhausted because a reasonable jury could find that the information was sufficient under the circumstances presented to satisfy the exhaustion requirement. *Id.*

ECF No. 28, PageID.277–78.

As Judge Morris explained, "[w]ithin the relevant period, Plaintiff appealed four grievances through Step III. (ECF No. 18-3, PageID.101–02). Plaintiff concedes that only the fourth grievance (number JCF-25-08-1573-28E) is relevant to the claims at issue here. (ECF No. 23, PageID.152, 187)." *Id.* at PageID.276.

Edwards's fourth grievance, JCF-25-08-1573-28E, states,

> On July 28, 2025, I received medication for Clopidogrel, "POST PTCA [(his procedure)] 1/20/25 KOP [(Keep on Person)]". When I asked Dr. Gonzalez why Clopidogrel was

> given to me on July 28th, dated January 20th, her response was that she "did not know."
>
> Because Clopidogrel is a required medication prescribed to me in January 2025 to prevent me from acquiring blood-clots after a Cardiovascular Catherization [sic] Procedure conducted in January 2025, Dr. Gonzalez failed to closely follow up with medical orders by delaying me assess [sic] to Clopidogrel by over six months when she failed to use ordinary care to ensure that I was provided Clopidogrel from January to July 27th.
>
> I would've been taking Clopidogrel as prescribed had I been provided the opportunity. But, because Dr. Gonzalez and the Pharmacy Technicians failed to carry out medical orders by failing to provide Clopidogrel for over six months, I fear that I face substantial risks of death and/or serious damage to my current and future health due to an increased risk of already having acquired blood clotting. I am requesting that procedures be put in place to ensure that this does NOT happen to another prisoner.

ECF No. 18-3, PageID.121. The grievance is dated July 29, 2025. *Id.*

On August 4, 2025, the Step I Grievance Office rejected JCF-25-08-1573-28E. *Id.* at PageID.122. Specifically, the Grievance Coordinator explained that the grievance was rejected for being "untimely." *Id.*

In their motion for summary judgment, the MDOC Defendants argued that Edwards had failed to exhaust his claims against the MDOC Defendants and that therefore the Court should dismiss the unexhausted claims. ECF No. 18. Specifically, the MDOC Defendants argued that Edwards's grievance failed to name the MDOC Defendants and thus

cannot serve to exhaust any claims against the MDOC Defendants. *Id.* at PageID.83.

In his response, Edwards gave multiple arguments in opposition to the MDOC Defendants' motion for summary judgment. ECF No. 23. As relevant here, Edwards argued that "[b]ecause the MDOC identified untimeliness as the basis for denying Edwards's four grievances, the MDOC Defendants cannot rely on the MDOC's 'names of all those involved' procedural requirement as a basis for summary judgment." *Id.* at PageID.188. Specifically, Edwards argued that "[u]nder Michigan law, the MDOC Defendants cannot rely[] on a procedural requirement that was not the basis of the MDOC's rejection of Edwards's grievances." *Id.* at PageID.189.

In response, the MDOC Defendants explained that "Edwards's argument the MDOC Defendants cannot raise the failure-to-name defense because they did not assert this defense to reject JCF-1573 during the grievance process … invokes the holding in *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010)." ECF No. 25, PageID.210 (citation omitted). The MDOC Defendants argued that "Edwards is wrong for two reasons," ECF No. 25, PageID.210,

> *First*, "[f]or *Reed-Bey*'s holding to apply, [Edwards] would have had to receive 'merits-based responses *at each step*.' " *Cook v. Caruso*, 531 F. App'x 554, 563 (quoting *Reed-Bey*, 603 F.3d at 325, with added emphasis). *Reed-Bey*'s holding does not apply to this case because JCF-1573 was not addressed on the merits. (ECF No. 18-3, PageID.118–122.)

> *Second,* the MDOC Defendants did not waive the failure-to-name argument because they had no reason to raise it during the grievance process. As JCF-1573 *named* only NP Gonzalez *and attempted to resolve* the issue with only her, it is reasonable to consider only her to be the only subject of the grievance. *Hall v. Cole*, No. 2:23-cv-28, 2024 WL 4884613, at *4 (W.D. Mich. Oct. 25, 2024) ("[W]here a prisoner names specific individuals at Step I of the grievance process, prison officials would naturally assume that the prisoner complied with exhaustion requirements for those named at Step I," thus "exhaustion is limited to the named individuals."), *adopted,* 2024 WL 4880598 (W.D. Mich. Nov. 25, 2024). In short, the MDOC Defendants did not waive the failure-to-name argument.

*Id.* at PageID.210–11.

In her Report and Recommendation—ultimately concluding that Edwards's grievance had "sufficiently identified Defendants Grant, Draper, and McKinley by listing their job title and specifying the issue in his grievance as failing to provide his prescribed medication during a defined period," and denying summary judgment as to these defendants, ECF No. 28, PageID.280–81—Judge Morris rejected Edwards's waiver argument, *see id.* at PageID.277 n.3. Specifically, Judge Morris explained,

> Plaintiff also argues Defendants waived this argument because they only rejected his grievance as being untimely. But the Undersigned agrees with Defendants that because Plaintiff's grievance specifically named Gonzalez, and MDOC Defendants were not later identified or brought up again in the grievance process, prison officials reasonably addressed only the timeliness of his grievance and did not address the improper naming argument they now bring. *Accord Hill v.*

> *Buchanon*, No. 21-1673, 2022 WL 16580149, at *3 (6th Cir. Sept. 8, 2022); *Brown v. McCullick*, No. 18-2226, 2019 WL 5436159, at *3 (6th Cir. Apr. 23, 2019).

*Id.*

### B. Objection

On May 4, 2026, Edwards filed a single objection to Judge Morris's Report and Recommendation, arguing that, "[t]he Magistrate Judge erred by agreeing with the MDOC Defendant's argument that they did not waive the failure-to-name argument." ECF No. 30, PageID.289. Specifically, Edwards argued that

> had the Magistrate Judge considered its own findings [that Edwards sufficiently identified Defendants Grant, Draper, and McKinley by listing their job title and specifying the issue in his grievance as failing to provide his prescribed medication during a defined period] BEFORE agreeing with the MDOC Defendants' argument, it would have been clear that prison officials did not enforce the "names of all those involved" procedural rule during the grievance process because Edwards's grievance provided sufficient detail for prison officials to identify exactly who else were the subjects of the grievance along with NP Gonzalez.

*Id.* at PageID.290.

Edwards also argues that this case is distinguishable from *Hill* and *Brown*—the authorities the Report cited in rejecting his waiver argument, ECF No. 28, PageID.277 n.3—because his grievance provided sufficient information to identify Defendants Grant, Draper, and McKinley. ECF No. 30, PageID.291.

Next, Edwards argues that because his grievance provided sufficient information to identify Defendants Grant, Draper, and McKinley, the MDOC Defendants failure to raise the failure-to-name defense in rejecting his grievance resulted in a waiver of that defense. *Id.*

Lastly, Edwards argues that the MDOC Defendants "knowingly misrepresented to the Court that Edwards attempted to resolve the issue with ONLY Gonzalez." *Id.* at PageID.292.

## C. Discussion

In the Sixth Circuit, a court will generally not enforce a prison's procedural requirements against a grievance when "prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits." *Reed-Bey*, 603 F.3d at 325. However, the Sixth Circuit has identified certain limitations to *Reed-Bey*.

First, the Sixth Circuit has stated that *Reed-Bey* is inapplicable when the PLRA plaintiff "did not receive merits-based responses to his … grievance." *Cook v. Caruso*, 531 F. App'x 554, 563 (6th Cir. 2013); *Reed-Bey*, 603 F.3d at 325 ("the State's decision to review a claim on the *merits* gives us a warrant to do so as well" (emphasis added)).

Second, the Sixth Circuit has stated that where a grievance names some individuals but not others, *Reed-Bey* does not apply and the defendant has not waived the exhaustion defense for failing to raise it

earlier. *Brown v. McCullick*, No. 18-2226, 2019 WL 5436159, at *3 (6th Cir. Apr. 23, 2019). Specifically, the Sixth Circuit explained:

> In *Reed-Bey*, the inmate failed to name a single individual in his grievance, and it would have thus been clear to prison officials when they addressed the merits of the grievance that they were waiving their own procedural requirement to include the names of those involved in the grievance. But here, Brown listed two people at step I of the grievance, Bierstetel and Havelka. Accordingly, prison officials would naturally assume that Brown complied with the requirement to name those involved, and defendants cannot be said to have waived the exhaustion defense when they had no way of knowing that they would be the subject of a later lawsuit.

*Id.* (citations omitted).

Judge Morris found *Reed-Bey* inapplicable under the second of these limitations, explaining that "because Plaintiff's grievance specifically named Gonzalez, and MDOC Defendants were not later identified or brought up again in the grievance process, prison officials reasonably addressed only the timeliness of his grievance and did not address the improper naming argument they now bring." ECF No. 28, PageID.277 n.3.

Edwards highlights Judge Morris's later finding that his grievance "sufficiently identified Defendants Grant, Draper, and McKinley," ECF No. 28, PageID.280, and argues that these two conclusions cannot stand together. In other words, Edwards argues that if the reference to "the Pharmacy Technicians" sufficed to identify Defendants Grant, Draper,

and McKinley for purposes of the MDOC's naming requirement, ECF No. 28, PageID.280–81, the reference should similarly suffice to put prison officials on notice that the grievance had not *actually named* those involved—and that their rejection of the grievance solely as untimely waived that defect under *Reed-Bey*.

The Court rejects Edwards's objection because the two inquiries are distinct.

Under the first inquiry—compliance with the naming requirement so as to properly exhaust—a court asks whether the grievance complied with the MDOC's requirement that "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." ECF No. 18-2, PageID.93. Under this requirement, a court "may excuse a prisoner's failure to identify by name a particular defendant in a grievance when it is obvious from the facts alleged in the grievance that the defendant was involved." *Calhoun v. Hill*, No. 07-11613, 2008 WL 4277171, at *3 (E.D. Mich. Sept. 17, 2008) (Lawson, J.). Because exhaustion is an affirmative defense, the defendant's burden on summary judgment based on exhaustion is "higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Surles*, 678 F.3d at 455–56 (quotations and citations omitted).

Under the second inquiry—whether prison officials have waived a procedural requirement by failing to enforce it—the court asks whether prison officials have decided to overlook or to forgive their own procedural bar. *See Reed-Bey*, 603 F.3d at 325 ("When the State nonetheless decides to reject the claim on the merits, who are we to second guess its decision to overlook or forgive its own procedural bar?"). Additionally, because *Reed-Bey* forfeiture is an answer to an affirmative defense, a plaintiff who invokes it bears the burden on that issue and "must show that a reasonable jury could find that grievance screeners 'overlooked' or 'forgave' the failure to name all those involved." *Johannes*, 2016 WL 1253266, at *10; *cf. Campbell v. Grand Trunk W. R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001) ("Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run. If the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations.").

In other words, these are discrete inquiries on which different parties bear the burden—while the MDOC Defendants bear the burden on their exhaustion argument, Edwards bears the burden on the waiver argument.

The Court finds that, contrary to Edwards's objection, the inquiries lead to different results here. On the first inquiry, Judge Morris found that—viewing the facts in Edwards's favor—Edwards's reference to "the

Pharmacy Technicians," in the context of the rest of the grievance, sufficiently identified Defendants Grant, Draper, and McKinley. ECF No. 28, PageID.280.

On the second inquiry, subject to Edwards's objection, Edwards has made no showing that a "reasonable jury could find that grievance screeners 'overlooked' or 'forgave' the failure to name all those involved." *Johannes*, 2016 WL 1253266, at *10. Specifically, because Edwards's grievance directly named NP Gonzalez, the reference to "the Pharmacy Technicians" did not give prison officials reason to suspect any naming defect. As the Sixth Circuit has explained, where a grievance lists some individuals by name, "prison officials would naturally assume that [the grievant] complied with the requirement to name those involved." *Brown*, 2019 WL 5436159, at *3.[2]

The Court also notes that holding that the two inquiries are coextensive would lead to the absurd result of requiring prison officials—for fear of waiving the argument—to reject grievances for failing to abide by MDOC's naming requirement if the grievance includes facts that would allow *any* reasonable jury to find that *any* unnamed individuals

[2] Edwards argues that the MDOC Defendants "knowingly misrepresented to the Court that Edwards attempted to resolve the issue with ONLY Gonzalez." ECF No. 30, PageID.292. However, the Court's conclusion today follows from the undisputed fact that the grievance specifically *named* only NP Gonzalez. Thus, the Court need not address this argument.

may have been involved. This would create an unreasonable and unnecessary burden on prison officials.

Accordingly, Edwards's only objection is **OVERRULED,** and Judge Morris's Report and Recommendation (ECF No. 28) is **ADOPTED** in full.

## IV. CONCLUSION

For the reasons above, the Court **OVERRULES** Plaintiff's Objection (ECF No. 30) and **ADOPTS** Judge Morris's Report and Recommendation (ECF No. 28) in full. The MDOC Defendants' Motion for Summary Judgment (ECF No. 18) is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** as to Defendant Landfair, and the claims against her are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust, and it is **DENIED** as to Defendants Draper, Grant, and McKinley. Plaintiff's Motion for Leave to File a Sur-Reply (ECF No. 27) is **GRANTED**.

**SO ORDERED**.

Dated: August 25, 2026

s/Terrence G. Berg

HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE